UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
BALD HILL BUILDERS, LLC,

                Plaintiff,

    - against -

2138 SCUTTLE HOLE ROAD REALTY, LLC,
a/k/a 2138 Scuttle Hole Realty, LLC,

                Defendant.
------------------------------------------------------------X

Case No.: CV 17-00107
(AJS)(AKT)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

SUMMARY OF FACTS ………………………..………………………………………….1

ARGUMENT …………………...……………………………………………………….. 2

    1. The Affidavit of John S. Wojak, Jr. is inadmissible evidence, and this Court should refuse to consider it when evaluating the Motion to Dismiss …………………………... 2

    2. Bald Hill's Third Cause of Action, for breach of the implied covenant of good faith and fair dealing, is not duplicative of its contract claim, and it should survive the Motion to Dismiss ……………………………………………………………….... 3

    3. Bald Hill's claim for *quantum meruit* recovery (Fourth Cause of Action) states an alternative claim upon which relief can be granted ……………………………….... 5

CONCLUSION ………………………………………………………………………….  7

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ………………………………………………..… 2

*A&P v. Town of E. Hampton*, 997 F. Supp. 340, 346 (E.D.N.Y. 1998) ………………….…... 2

*CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 425 (S.D.N.Y. 2007) ………. 4

*DiSilva v. N. Shore-Long Island Jewish Health Syst.*, 770 F. Supp. 497, 534 n.19 (E.D.N.Y. 2011) ………………………………………………………………………………… 5, 6

*DiSimone v. CN Plumbing, Inc.*, 2014 U.S. Dist. LEXIS 44574 (E.D.N.Y. 2014) ………..……. 6

*Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13, *6-8 (2d Cir. 2014) ………………………………………………………………………………….. 4

*Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) …………………….…….. 3

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ……..… 3

*Nat'l City Comm. Capital Co., LLC v. Global Golf, Inc.*, 2009 U.S. Dist. LEXIS 42780, *2-3 (E.D.N.Y. 2009) …………………………………………………………….….. 6

*Novak v. Tucows, Inc.*, 73 Fed. R. Evid. Serv. 331, *10 (E.D.N.Y. 2007) ……………………... 3

*Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ……………………………………….. 6

*Saggio v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 150490, *14 (E.D.N.Y. 2015) ……………………………………………………………………………. 3, 5

*Spread Enters. v. First Data Merch. Servs. Corp.*, 2012 U.S. Dist. LEXIS 119080, *6-12 (E.D.N.Y. 2012) ……………………………………………………………………….. 4

*Wilk v. VIP Health Care Servs.*, 2012 U.S. Dist. LEXIS 21630, *17-18 (E.D.N.Y. 2012) …….. 5

*York v. Ass'n of the Bar of City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ……………………. 2

Fed. R. Civ. P. 8 …………………………………………………………………………. 2, 4, 5

Fed. R. Civ. P. 12 …………………………………………………………………………….. 2, 3

Fed. R. Civ. P. 56 ………………………………………………………………………....…. 3

Plaintiff, Bald Hill Builders, LLC ("Bald Hill") opposes Defendant, 2138 Scuttle Hole Road Realty, LLC's ("Defendant" or "Scuttle Hole") motion to dismiss Bald Hill's causes of action for breach of the implied covenant of good faith and fair dealing (Third Cause of Action) and *quantum meruit* recovery (Fourth Cause of Action).  The motion, which oddly relies on state law to dismiss this federal action, has no merit.  All of Bald Hill's causes of action should move forward, as they are pled as viable, alternative claims at this early stage of the litigation.

STATEMENT OF FACTS

Bald Hill refers to and incorporates fully herein those facts pled in its Complaint, and further states in summary that the present dispute between the parties arises out of Defendant's failure to make Bald Hill whole for the work, services, and costs Bald Hill incurred while constructing a luxury single-family home for Defendant in Bridgehampton, New York.  Defendant hired Bald Hill as a general contractor to complete the construction of the home, after the previous general contractor left the job unfinished.  To define the original scope of the project, in 2015, the parties entered into a written agreement.  *See* Complaint, Exhibit C.  Thereafter, Defendant requested and approved additional work, services, and costs and, though it did not dispute the majority of monies due Bald Hill, Defendant refused and failed to pay Bald Hill any of the monies now claimed due and owing.

Ultimately, Defendant breached the parties' agreement and unlawfully terminated Bald Hill.  Defendant owes Bald Hill in excess of one million dollars.  Because it does not know if Defendant agrees that the contract controls all of Defendant's payment obligations and Bald Hill's claims, Bald Hill sues to recover damages under various alterative legal and equitable theories, including breach of contract, the foreclosure of its properly filed Mechanic's Lien, breach of the implied covenant, and *quantum meruit*.

ARGUMENT

All pled causes of action survive Defendant's motion to dismiss. As this court well knows, to survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has factual plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *York v. Ass'n of the Bar of City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002). The Federal Rules explicitly provide for pleading in the alternative. *See* Fed. R. Civ. P. 8(d)(2). Because Bald Hill's causes of action more than meet these standards, the motion to dismiss should be denied.

1. The Affidavit of John S. Wojak, Jr. is inadmissible evidence, and this Court should refuse to consider it when evaluating the Motion to Dismiss.

As an initial matter, this Court should refuse to consider and/or strike the affidavit of John S. Wojak, Jr. which was submitted by Scuttle Hole in support of the Motion to Dismiss. *See* Fed. R. Civ. P. 12(d), 12(f). To consider matters outside of the pleadings, this Court would have to convert the purported Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. *See A&P v. Town of E. Hampton*, 997 F. Supp. 340, 346 (E.D.N.Y. 1998). Affirmations or attachments to affirmations that are not part of the challenged pleading may not be considered on a Rule 12 motion. *Id.*

It would be inappropriate to convert this to a motion for summary judgment because the attorney's affidavit is not admissible or material evidence.

- ■ First, the affidavit is not based on the attorney's personal knowledge, as is required under Fed. R. Civ. P. 56 (supporting and opposing affidavits shall be made on

personal knowledge). *See e.g.* Affidavit at ¶ 1 (explaining that Attorney Wojak is familiar with the facts set forth only based on "the book and records of Scuttle Hole and conversation with its members"); *see also Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (declining to consider attorney affidavit in support of motion for dismissal because it was not based on personal knowledge).

- Further, the affidavit is rife with inadmissible hearsay. *See, e.g.*, Affidavit at ¶ 6 and Exhibit C); *see also* Fed. R. Civ. P. 56(c)(2), (c)(4) (requiring evidence in support of a motion for summary judgment to be admissible evidence); *Kamen*, 791 F.2d at 1011 (improper to consider conclusory and hearsay statements contained in affidavits submitted by defendants); *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("Hearsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in the affidavit.").

- The affidavit also contains inadmissible argument. *Novak v. Tucows, Inc.*, 73 Fed. R. Evid. Serv. 331, *10 (E.D.N.Y. 2007) (disregarding inadmissible affidavit containing legal argument).

As such, this Court should exclude the affidavit from its consideration when evaluating Defendant's motion to dismiss. *See* Fed. R. Civ. P. 12(d); *see also* Fed. R. Civ. P. 56(c)(2), (e).

2. <u>Bald Hill's Third Cause of Action, for Breach of the Implied Covenant of Good Faith and Fair Dealing, is not Duplicative of its Contract Claim, and it Should Survive the Motion to Dismiss.</u>

Defendant does not argue that Bald Hill has failed to claim all the elements of the breach of implied covenant claim. Defendant does not make that argument, because it cannot – Bald Hill pled all required elements. *See Saggio v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 150490, *14 (E.D.N.Y. 2015) (to succeed on a claim for breach of the implied covenant, a plaintiff must show that "[a] party to a contract acted in a manner that although not expressly

3

forbidden by any contractual provision, would deprive the other party of the rights to receive benefits under the contract"). Instead, Defendant's motion to dismiss takes issue that Bald Hill has pled a claim for breach of the implied covenant of good faith and fair dealing in addition to its claim for breach of contract. Defendant claims that under New York state law, Bald Hill cannot bring a claim for both in the same action because the claims are duplicative. Not so.

Bald Hill's cause of action for breach of the implied covenant survives the motion to dismiss. The Federal Rules explicitly provide for pleading in the alternative. *See* Fed. R. Civ. P. 8(d)(2). While New York law admittedly does not recognize alternative claims for breach of contract and breach of the implied covenant when the claims are based on the "same facts", *see Spread Enters. v. First Data Merch. Servs. Corp.*, 2012 U.S. Dist. LEXIS 119080, \*6-12 (E.D.N.Y. 2012), a plaintiff can viably plead both claims where there are additional facts, *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. Appx. 13, \*6-8 (2d Cir. 2014), or where "one party's conduct, though not breaching the terms of the contract in a technical sense, nonetheless deprived the other party of the benefit of the bargain." *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 425 (S.D.N.Y. 2007).

Bald Hill pleads sufficient facts to meet the alternative pleading standard. Bald Hill pleads that Defendant engaged in certain conduct that may not technically breach any contractual term, but that, through Defendant's unlawful and/or bad faith conduct, deprived Bald Hill the benefit of the bargain. *See, e.g.*, Complaint, ¶¶ 21, 26-27, 29-38, 40, 42, 46-47. The allegations expressly or inferentially include that: (1) Defendant unlawfully induced Bald Hill to continue performing; (2) Defendant engaged the audit process in bad faith; (3) despite that it only contested a portion of the amount billed by Bald Hill (the so-called "On-Time-related work"), Defendant refused to pay the undisputed amounts, which total to $675,444.48; (4) Defendant

4

unlawfully interfered with Bald Hill's subcontractor relationships; and (5) Defendant has (for reasons Bald Hill will develop via discovery) not sued or taken issue with the former contractor or architect, who have the only liability here. These allegations constitute additional facts to Bald Hill's claim for breach of contract, thus solidifying the viability of the two claims.

Finally, a claim for breach of the implied covenant may be brought in the alternative to a claim for breach of contract "where there is a dispute over the existence, scope, or enforceability of the putative contract." *Saggio*, 2015 U.S. Dist. LEXIS 150490 at \*14. Given that Defendant has forced Bald Hill to sue to collect the monies Bald Hill incurred on the subject project, one might rightly conclude that Defendant does dispute the existence of an enforceable contract covering the entirety of the claims against Defendant. Regardless, because Defendant has not yet answered the Complaint, and because Bald Hill has yet to prove the existence of an enforceable contract covering the entirety of its claims against Defendant, the cause of action for breach of the implied covenant should survive the premature motion to dismiss. *Id.* This Court should deny the motion to dismiss as to the implied covenant claim.

3. Bald Hill's claim for *quantum meruit* recovery (Fourth Cause of Action) states an alternative claim upon which relief can be granted.

Bald Hill's claim for *quantum meriut* survives the motion. Again, the Federal Rules explicitly provide for pleading in the alternative. *See* Fed. R. Civ. P. 8(d)(2). Specifically, "a plaintiff is entitled to plead express contract, implied contract, unjust enrichment, and other quasi-contract claims in the alternative." *DiSilva v. N. Shore-Long Island Jewish Health Syst.*, 770 F. Supp. 497, 534 n.19 (E.D.N.Y. 2011). A claim for breach of contract and quasi-contract can be pled alongside each other. *See, e.g.*, *Wilk v. VIP Health Care Servs.*, 2012 U.S. Dist. LEXIS 21630, \*17-18 (E.D.N.Y. 2012) ("[W]hile it is true that a claim for quantum meriut or unjust enrichment is precluded when a valid contract governing the same subject matter exists

5

between the parties . . . a quantum meruit claim may be alleged alongside a breach of contract claim where, as here, the parties dispute the existence or validity of the alleged contract."); *see also Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("Where the complaint asserts claims on theories of both contract and quantum meruit and there is a genuine dispute as to the existence of a contract, the plaintiff need not make a pretrial election between these theories; he is entitled to have the case submitted to the jury on both theories.").

Defendant has not filed an answer yet and, it is unclear if the written contract will foreclose quasi-contract theories. *Nat'l City Comm. Capital Co., LLC v. Global Golf, Inc.*, 2009 U.S. Dist. LEXIS 42780, *2-3 (E.D.N.Y. 2009) ("[A]t this stage of the case, there is no basis to conclude that such claims should be dismissed as a matter of law.  Although defendants assert that they will not dispute the existence of a contract with respect to this dispute, defendants have not even filed an answer yet and it is unclear whether the written contract will foreclose other alternative quasi-contract theories of liability asserted by plaintiff.").  At this early stage of our litigation, Bald Hill has not yet established the existence of a valid, enforceable agreement that covers the subject matter of all of its claims; it is, therefore, entitled to plead its quasi-contractual claim in the alternative.  *See DiSimone v. CN Plumbing, Inc.*, 2014 U.S. Dist. LEXIS 44574 (E.D.N.Y. 2014) (denying motion to dismiss quantum meruit claim because "at this early stage [Plaintiff] has not yet established the existence of a valid, enforceable agreement").  Indeed, "[a]t the pleading stage, a plaintiff is not required to guess whether it will be successful on its contract . . . or quasi-contract claims."  *DiSilva*, 770 F. Supp. 2d at 534 n.19.  Thus, this Court should allow the quasi-contractual claim for *quantum meruit* to proceed.

CONCLUSION

For the foregoing reasons, the Court should refuse to consider Mr. Wojack's affidavit submitted in support of Defendant's motion, deny Defendant's motion to dismiss the third and fourth causes of action of the Complaint, and award Bald Hill its fees and costs in bringing this opposition.

If, however, this court is inclined to treat Defendant's motion as a motion for summary judgment, even though the complaint has just been filed and the parties have not engaged in any discovery thus far, Bald Hill respectfully requests an opportunity to supplement the record with additional evidence before this court decides the motion.

Dated: March 16, 2017                                                   Respectfully submitted,

/s/ Thomas T. Reith
Ira Levine, Esq.
543 Broadway
Massapequa, NY 11758
(516) 541-1014 or (516) 829-7911
ilevinelaw@optimum.net

Thomas T. Reith, Esq.
Laura Lee Mittelman, Esq.
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
treith@burnslev.com
lmittelman@burnslev.com
T: (617) 345-3000
F: (617) 345-3299

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 16, 2017.

                                      */s/ Laura Lee Mittelman*
                                       Laura Lee Mittelman