**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
BALD HILL BUILDERS, LLC,

                     Plaintiff,

          -against-

2138 SCUTTLE HOLE ROAD REALTY, LLC
*also known as* 2138 Scuttle Hole Realty, LLC,

                     Defendant.

----------------------------------------------------------X

**FILED**
**CLERK**

3:55 pm, Aug 23, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-107 (ADS)(GRB)

**APPEARANCES:**

**Law Office of Ira Levine, Esq.**
*Co-Counsel for the Plaintiff*
543 Broadway
Massapequa, NY 11758
      By:    Ira Levine, Esq., Of Counsel

**Burns & Levinson LLP**
*Co-Counsel for the Plaintiff*
125 Summer Street
Boston, MA 02110
      By:    Thomas Reith, Esq.,
             Laura L. Mittelman, Esq., Of Counsel

**Duane Morris LLP**
*Attorneys for the Defendant*
1540 Broadway
New York, NY 10016
      By:    John S. Wojak, Jr., Esq., Of Counsel

**SPATT, District Judge**:

The Plaintiff Bald Hill Builders, LLC (the "Plaintiff" or "Bald Hill") commenced this breach of contract action against the Defendant 2138 Scuttle Hole Road Realty, LLC (the "Defendant" or "2138 Scuttle Hole") for monies allegedly owed for work done on a construction project in Bridgehampton, New York.

1

Presently before the Court is a motion by 2138 Scuttle Hole to dismiss, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6), the Plaintiff's claims for breach of the implied covenant of good faith and fair dealing and *quantum meruit*. For the following reasons, the Defendant's motion is granted.

## I. BACKGROUND

### A. The Factual Background

The following facts are drawn from the Plaintiff's complaint, and for the purposes of the instant motion, are accepted as true.

The Plaintiff is a construction company based in Massachusetts that was retained by the Defendant to finish a single family home on real property (the "Project") located at 2138 Scuttle Hole Road, Bridgehampton, New York (the "Property").

The Defendant owned the Property, and intended to sell the Project following its completion. The Defendant hired an architectural firm, LabHaus LLC ("LabHaus") to oversee the Project. Originally, the Defendant hired PhilaLab, another general contracting company, to complete the Project. The Plaintiff alleges that PhilaLab is a wholly-owned subsidiary and in-house construction division of LabHaus.

The Plaintiff further claims that PhilaLab intentionally placed a bid for the Project that was less than what PhilaLab knew would require to complete it, and that LabHaus recommended that the Defendant hire PhilaLab as the general contractor. As a result of its ownership of PhilaLab, LabHaus purportedly benefitted as both the architect and general contractor of the Project. Neither PhilaLab nor LabHaus is a party to the instant action.

In December 2014, LabHaus contacted the Plaintiff to ask if the Plaintiff would complete the Project. At the time, LabHaus told the Plaintiff that it had learned that: PhilaLab was "grossly"

over budget; PhilaLab had not performed as promised; and PhilaLab would not be permitted and/or was unable to complete the Project. LabHaus had recommended to the Defendant that it terminate its contract with PhilaLab and find another general contractor.

As stated above, the Plaintiff claims that LabHaus knew that PhilaLab had intentionally underbid for the Project. The Plaintiff further alleges that LabHaus and PhilaLab have engaged in similar conduct elsewhere, including in Connecticut, where the two entities were sued for fraud and breach of contract. However, the Plaintiff states that it was unaware of the relationship between LabHaus and PhilaLab, or their pattern of fraud, in December 2014.

The Defendant and LabHaus purportedly made various false representations about the status of the Project and quality of work that had been done by PhilaLab.

On April 2, 2015, the Plaintiff and the Defendant entered into a written contract (the "Agreement"), wherein the Plaintiff agreed to complete the Project. LabHaus continued to serve as the architect on the Project.

As the Plaintiff progressed on the Project, it discovered that PhilaLab's work was deficient, incomplete, or not up to code. As a result of these discoveries, the Plaintiff claims that the Agreement's "scope and schedule was substantially, materially, and repeatedly amended by agreement, [] without any objection from the Defendant . . . ." (Compl. ¶ 26).

The Plaintiff performed under the terms to which the Defendant purportedly agreed until January 2016. The Plaintiff alleges that from April 2015 until January 2016, the Defendant failed to pay the Plaintiff in a timely manner. It is unclear from the face of the complaint whether the Defendant's payments were made in full during that period.

On January 4, 2016, the Defendant postponed a previously scheduled audit of the Project, and on January 7, 2016, the Defendant locked the Plaintiff out of the Property and issued a

3

termination letter. The Plaintiff contends that the Defendant also kept the Plaintiff's building materials without paying for them.

On January 11, 2016, the Plaintiff responded in writing to the Defendant's termination letter wherein the Plaintiff denied that it was in breach; classified the reasons for its termination as pretextual; stated that it was prepared to complete the Project; notified the Defendant that it was in breach of the Agreement; demanded payment of $930,693.72 that was due; and demanded the return of the Plaintiff's building materials.

On January 19, 2016, the Plaintiff filed a notice of mechanic's lien in the office of the Clerk of Suffolk County for $930,693,72 against the Defendant's fee interest in the Property.

## B. The Relevant Procedural History

On January 9, 2017, the Plaintiff commenced this action by filing the complaint. The complaint sets forth four causes of action: lien foreclosure; breach of contract; breach of the implied covenant of good faith and fair dealing; and *quantum meruit*.

The Plaintiff attached three exhibits to its complaint: the marketing materials of LabHaus; a complaint from Connecticut Superior Court with regard to an action brought against LabHaus and PhilaLab for, *inter alia*, breach of contract and fraud; and a copy of the Agreement.

On February 16, 2017, the Defendant filed the instant motion to dismiss two of the Plaintiff's claims pursuant to Rule 12(b)(6). The Defendant contends that the Plaintiff's breach of the implied covenant of good faith and fair dealing is duplicative of its breach of contract claim; and that the Plaintiff's *quantum meruit* claim cannot be sustained where there is a valid, written, enforceable contract that dictates the terms of recovery. In opposition, the Plaintiff states that those claims are plead in the alternative to its breach of contract claim.

## II. DISCUSSION

### A. The Relevant Legal Standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**B.  As to Whether the Plaintiff's Claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing are Duplicative**

New York law implies in every contract a covenant of good faith and fair dealing "pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Thyroff v. Nationwide Mut. Ins. Co.,* 460 F.3d 400, 407 (2d Cir. 2006) (quoting *M/A–COM Security Corp. v. Galesi,* 904 F.2d 134, 136 (2d Cir. 1990)).  This covenant "includes an implied undertaking on the part of each party that he will not intentionally and purposely do anything to prevent the other party from carrying out the agreement on his part."  *Kader v. Paper Software Inc.,* 111 F.3d 337, 342 (2d Cir. 1997) (quoting *Carvel Corp. v. Diversified Mgmt. Group, Inc.,* 930 F.2d 228, 230 (2d Cir. 1991)).

A claim for breach of the implied covenant of good faith and fair dealing does not generally provide a cause of action separate and distinct from a breach of contract claim.  "[P]arties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract."  *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 80 (2d Cir. 2002) (citing *Fasolino Foods Co., Inc. v. Banca Nazionale del Lavoro,* 961 F.2d 1052, 1056 (2d Cir. 1992)); *see also L–7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 433 n.17 (2d Cir. 2011) ("[B]reach of [the duty of good faith and fair dealing] is merely a breach of the underlying contract.") (internal citations and quotations omitted).

Therefore, a breach of the covenant of good faith and fair dealing is duplicative of a breach of contract claim where the claims are based on the same allegations or where the same conduct is the predicate for both claims.  *McGee v. State Farm Mut. Auto. Ins. Co.,* No. 09–CV–3579, 2011 WL 5409393, at *8 (E.D.N.Y. Nov. 8, 2011).  However, a plaintiff "may bring two breach of contact claims, one based on breach of the express terms and the other based on breach of the implied duty, as long as they are supported by factually distinct allegations."  *Hosp. Auth. of*

*Rockdale Cty. v. GS Capital Partners V Fund, L.P.,* No. 09–CV–8716, 2011 WL 182066, at \*4

(S.D.N.Y. Jan. 20, 2011).

The Plaintiff contends that it has plead allegations that are factually distinct from those that

are part of its breach of contract claim. It states that:

> The allegations expressly or inferentially include that: (1) Defendant unlawfully
> induced Bald Hill to continue performing; (2) Defendant engaged the audit process
> in bad faith; (3) despite that it only contested a portion of the amount billed by Bald
> Hill (the so-called "On-Time-related work"), Defendant refused to pay the
> undisputed amounts, which total to $675,444.48; (4) Defendant unlawfully
> interfered with Bald Hill's subcontractor relationships; and (5) Defendant has (for
> reasons Bald Hill will develop via discovery) not sued or taken issue with the
> former contractor or architect, who have the only liability here.

(Pl.'s Mem. of Law in Opp'n at 4–5).

However, the first four allegations listed by the Plaintiff are also part of its breach of

contract claim, and are explicitly related to duties imposed by the contract. The final "allegation"

does not state a cause of action but instead asks the Court to allow the Plaintiff to engage in

discovery in an attempt to discern whether the Defendant breached the implied covenant of good

faith and fair dealing by somehow colluding with PhilaLab or LabHaus. Such a course of action

would constitute "aimless trawling," and is not permitted under *Iqbal* and *Twombly. See*

*Yamashita v. Scholastic, Inc.*, No. 16-CV-9201 (KBF), 2017 WL 74738, at \*2 (S.D.N.Y. Jan. 5,

2017) (granting the defendant's motion to dismiss, stating that "[t]he complaint contains so few

factual allegations it is nothing more than a fishing expedition[,] [and] Rule 8 does not permit such

aimless trawling").

Finally, it is true that "a claim for breach of the implied covenant of good faith and fair

dealing may be brought in the alternative to a claim for breach of contract 'where there is a dispute

over the existence, scope, or enforceability of the putative contract.'" *Saggio v. Select Portfolio*

*Servicing, Inc.*, 2015 U.S. Dist. LEXIS 150490, \*14, 2015 WL 6760132 (E.D.N.Y. Nov. 5, 2015)

(quoting *Reilly v. Natwest Mkts. Group, Inc.*, 181 F.3d 253, 263 (2d Cir. 1999)). However, here, the Defendant does not dispute the validity or enforceability of the parties' written contract. Therefore, the Plaintiff cannot plead a claim for breach of the implied covenant of good faith and fair dealing in the alternative to its breach of contract claim.

Accordingly, the Defendant's motion to dismiss the Plaintiff's claim for breach of the implied covenant of good faith and fair dealing pursuant to Rule 12(b)(6) is granted.

## C. As to Whether the Plaintiff's Claims for Breach of Contract and *Quantum meruit* are Duplicative

To assert a *quantum meruit* claim, a plaintiff must establish "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quoting *Revson v. Cinque & Cinque*, P.C., 221 F.3d 59, 69 (2d Cir. 2000)). Of importance, *quantum meruit* is rooted in "quasi contract" and may only apply "in the absence of an express agreement." *Beth Israel Med. Ctr. v. Blue Cross and Blue Shield of N.J.*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Goldman v. Metropolitan Life Ins. Co*. 841 N.E.2d 742, 746 (N.Y. 2005). The existence of an express agreement governing the same subject matter precludes recovery in *quantum meruit*. *Smith v. Mikki More, LLC.*, 21 F. Supp. 3d 276, 283 (S.D.N.Y. 2014); *Beth Israel*, 448 F.3d. at 588.

While *quantum meruit* claims can be plead in the alternative to breach of contract claims, that is only permissible where the parties dispute the existence of a valid contract. *See GlaxoSmithKline LLC v. Beede*, No. 1:13-CV-00001 MAD, 2014 WL 896724, at *7 (N.D.N.Y. Mar. 6, 2014) ("[W]here, as here, there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of

*quantum meruit* as well as contract, and will not be required to elect his or her remedies" (quoting

*Sforza v. Health Ins. Plan of Greater N.Y., Inc.,* 210 A.D.2d 214, 215 (2d Dep't 1994)).

As stated above, here, the Defendant does not dispute the existence of a valid, enforceable

contract. (*See* Def.'s Mem of Law at 1;Def.'s Reply Mem. of Law at 3, 4). Therefore, the

Plaintiff's *quantum meruit* claim cannot be maintained. *Fort Prods., Inc v. Men's Med. Clinic,*

*LLC*, No. 15-CV-00376 (NSR), 2016 WL 797577, at \*4–5 (S.D.N.Y. Feb. 23, 2016) (dismissing

the plaintiff's *quantum meruit* claim as duplicative of its breach of contract claim because the

"Defendant does not dispute the existence of a contract in any of its moving papers but only asserts

that the Plaintiff has not stated whether the agreement is oral or written."); *Tobias v. Notations,*

*Inc.*, No. 14 CIV. 08494 AT GWG, 2015 WL 4654454, at \*5 (S.D.N.Y. July 20, 2015) (dismissing

the plaintiff's *quantum meruit* claim because "the complaint unequivocally recognizes the

existence of an express contract"); *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234,

237 (S.D.N.Y. 1992) ("[C]ourts generally dismiss claims for *quantum meruit* on the

pleadings . . . when it is clear from the face of the complaint that there exists an express contract

that clearly controls." (citing *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 521

N.Y.S.2d 653, 656, 516 N.E.2d 190, 193 (N.Y. 1987) (dismissing quasi contractual claim in light

of written contract "fully detailing all applicable terms and conditions").

Accordingly, the Defendant's motion to dismiss the Plaintiff's *quantum meruit* claim

pursuant to Rule 12(b)(6) is granted.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss the Plaintiff's claims for

breach of the implied covenant of good faith and fair dealing and *quantum meruit* pursuant to Rule

12(b)(6) is granted.  This case is respectfully referred to Magistrate Judge Gary R. Brown for discovery.

It is **SO ORDERED**:

Dated:  Central Islip, New York

August 23, 2017

__/s/ Arthur D. Spatt__

ARTHUR D. SPATT

United States District Judge