UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BALD HILL BUILDERS, LLC,

                        Plaintiff,                               **ORDER**
                                                                              CV 17-0107 (ARL)
       -against-

2138 SCUTTLE HOLD ROAD REALTY
LLC,

                        Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the joint motion of the parties to transfer the action to Judge Gary R. Brown[1] for all purposes. For the reasons set forth below, the motion is denied, however, in light of the circumstances described in the parties' motion papers, the Court will exercise its discretion and vacate the parties' consent to the jurisdiction of the magistrate. The matter shall be randomly reassigned pursuant to the procedures of the United States District Court for the Eastern District of New York.

      On January 15, 2019, the parties signed a "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge." ECF No. 40. Pursuant to that Consent Form, the parties consented "to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." *Id*. The Order, signed by District Judge Spatt provides that "[t]his case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73." ECF No. 41.

      "Courts have found that parties who have consented to the jurisdiction by 'a magistrate judge,' have consented to 'jurisdiction by any magistrate judge.'" *Washington v. Kellwood Co.*, 2015 U.S. Dist. LEXIS 162940, 2015 WL 8073746, at *1 (S.D.N.Y. Dec. 4, 2015)). (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1119 (9th Cir. 2012)); *see also MacNeil v. Americold Corp.*, 735 F. Supp. 32, 39 (D. Mass. 1990). Accordingly, the consent cannot be withdrawn on this basis alone.

      Moreover, "[l]itigants enjoy no absolute right to withdraw a validly given consent to proceed before a magistrate judge." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, No. 04 Civ. 9651 (KMW)(KNF), 2011 U.S. Dist. LEXIS 2193, 2011 WL 70593, at *2 (S.D.N.Y. Jan. 10, 2011). "Indeed, there are only two avenues to undo a Section 636(c) consent and reference order. First, the Court — not the parties — may vacate the Order on its own motion, for good cause shown. Second, the parties may move the Court to vacate the Order, but only 'under extraordinary circumstances.'" *Cabarris v. Knight Transp., Inc.,* No. 17-CV-6259-

---

[1] The motion improperly identifies Judge Brown as Magistrate Judge Brown, however, Judge Brown has been elevated to the role of District Judge and is no longer a Magistrate Judge.

JWF, 2017 U.S. Dist. LEXIS 141721 (W.D.N.Y. Aug. 31, 2017).

"Once given, that consent may be withdrawn on the Court's own motion 'for good cause shown' or on request of a party who shows 'extraordinary circumstances' warranting such relief. 28 U.S.C. § 636(c)(6)." *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), *aff'd*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991). (citing *Fellman v. Fireman's Fund Insurance Co.*, 735 F.2d 55, 57-58 (2d Cir. 1984)). In light of the circumstance described by the parties, this Court determines that the parties have demonstrated good cause to vacate their consent to the jurisdiction of a magistrate judge. Accordingly, the parties signed "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," ECF No. 40, is hereby vacated.

However, even with the vacating of the parties' consent, the case is not automatically re-assigned to Judge Brown. Rather, the matter shall be randomly reassigned pursuant to the procedures of the United States District Court for the Eastern District of New York to a District Court Judge, and the undersigned shall remain assigned as magistrate judge.

Dated: Central Islip, New York  
       March 10, 2020

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge