

Thomas T. Reith
Partner
**treith@burnslev.com**
617.345.3258

February 9, 2021

BY ECF

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New Yok
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

Re:    *Bald Hill Builders, LLC v. 2138 Scuttle Hole Road Realty, LLC,*
         *Civil Action No. 2:17-cv-00107*

Dear Judge Lindsay,

      This office represents Plaintiff Bald Hill Builders, LLC ("Bald Hill") in the above-captioned litigation. I write now to ask this Court for assistance in resolving a lingering discovery dispute between the parties: namely Defendant 2138 Scuttle Hole Road Realty, LLC's ("Scuttle Hole") failure to produce a single document in this litigation and its failure to supplement interrogatory and document request responses, as promised. The Court's amended deadline for discovery (February 2, 2021) has come and passed and the case is nowhere near trial-ready. The prior amended deadlines, reached by party consensus, have had no impact on controlling the Defendant. Unfortunately, Bald Hill believes Defendant will only be persuaded to finish discovery and ready this matter for trial under Court Order. In support hereof, Plaintiff Bald Hill states as follows:

1. The parties are and have been engaged for some time in discovery disputes, due to Defendant's failure to proceed apace with discovery. (For context please see ECF Docket Nos. 44, 49, 51.)
2. In this vein, the parties have attempted to meet-and-confer multiple times by email and phone to resolve these issues since they arose around the pandemic outset. The result of those meet-and-confers were (i) promises to produce and move the case along and, eventually, (ii) the joint requests filed with this Court to adjust deadlines.
3. Scuttle Hole has repeatedly agreed to produce the data requested; supplement the document responses and interrogatory answers; and make its witness(es) available and to cooperate in scheduling depositions.

4. Throughout the course of discovery, Bald Hill took Scuttle Hole at its word and believed that the data and supplementation would be forthcoming and depositions could be cooperatively scheduled.
5. **Scuttle Hole owes its supplemental document responses and supplemental interrogatory answers, as well as its entire data production. Depositions cannot proceed without this discovery.**
6. This Court's deadline was February 2, 2021 for completion of all discovery, inclusive of expert discovery.[1]
7. Bald Hill has completed its data production and served responses to document requests and answers to interrogatories, and its witnesses have stood ready to be deposed.
8. Bald Hill is most sympathetic to the impact of Covid-19 on the ability to proceed apace, and Bald Hill appreciates that the actual trial date in this matter is likely far off, but Bald Hill needs finality. Scuttle Hole's handling of discovery has impacted the parties' ability to complete discovery in an orderly manner. This has prejudiced Bald Hill's case and trial-readiness.
9. Bald Hill met-and-conferred with Scuttle Hole on February 8, 2021 by telephone. Bald Hill again pointed out the discovery that remained outstanding and inquired when it could expect to receive it. Scuttle Hole indicated that it would likely produce hardcopy documents this week, and hopefully make an email production next week from two individuals, and that it anticipated serving supplemental written responses next week. That timing is most troublesome. Worse yet though, Bald Hill learned that Scuttle Hole had not yet collected its principal/managing members' emails.
10. Given the history here, Bald Hill is increasingly concerned that it will never get the requested discovery without Court intervention and order. Thus, Bald Hill sees no choice but to ask this Court to order as follows:
    - Deadline for Defendant to supplement is written discovery responses and produce **all** responsive documents: 2 weeks from this Court's decision on this Letter; and
    - Deadline for Bald Hill to depose up to 5 fact witnesses: 4 months from this Court's decision on this Letter.[2]
11. Additionally, Bald Hill asks this Court to reset the Final Pretrial Conference to accommodate these prayed-for deadlines and to allow for trial readying.

---

[1] Bald Hill notes the fast approaching dispositive motion deadline. Bald Hill has no intention of filing such motion at this time and Bald Hill understands from the discussed February 8, 2021 meet-and-confer that Scuttle Hole does not intend to file a dispositive motion either.

[2] Bald Hill expects a significant data production from Defendant and will need time to process same and then work to schedule the depositions, which, at present, Bald Hill expects to include (i) Scuttle Hole's designee, (ii) the Project architect's designee and (iii) the completing contractor's designee. Bald Hill has requested to be permitted to depose five (5) because "designee" may be more than one individual. NB: Bald Hill has not requested a limitation on witnesses for Scuttle Hole – fact and expert -- because Bald Hill maintains Scuttle Hole has waived its right to depose anyone and designate an expert.

12. Finally, due to Scuttle Hole's failures to obey this Court's order regarding discovery deadlines, and the ongoing prejudice caused to Bald Hill, Bald Hill asks that this Court sanction Scuttle Hole **if it ultimately fails** to meet these newly-requested deadlines by awarding attorney's fees, an adverse inference at trial, and any other remedy this honorable Court deems appropriate. *See Oceans Cuisine, Ltd. v. Fishery Products Int'l, Inc.*, 2006 WL 1071578, at *6 (E.D.N.Y. Apr. 21, 2006) (approving the imposition of all reasonable legal fees and costs incurred in connection with delayed depositions as a sanction); *see also Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 205 (E.D.N.Y. 2012) (imposing discovery sanctions, in the form of an adverse inference to the jury, against defendant bank for its persistent failure to produce certain documents relevant to the litigation).
13. Bald Hill is available for a status conference to discuss these matters at the Court's convenience.

Given the above, Bald Hill respectfully requests that the Court reset deadlines in the limited fashion articulated herein and set a status conference at the Court's earliest convenience.

Sincerely,

/s/ Thomas T. Reith

Thomas T. Reith

cc: Counsel of Record via ECF